CLERKS COPY

FILED
AT ALBUQUERQUE NM

FEB 2 8 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY LEE JACKSON,

    Plaintiff,

v.    No. CIV-99-1455 MV/DJS

DONALD DORSEY,
JOE JABLANSKI,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Also before the Court is Plaintiff's motion for injunction (Doc. #3) filed December 20, 1999. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the motion for injunction will be denied and certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir.



1992).

The complaint alleges that Plaintiff was taken to a dermatologist in Albuquerque for removal of tumors on his elbows and knees. Later, when the incisions became infected and blistered, Defendant Jablanski, a medical assistant at the correctional facility, diagnosed Plaintiff's condition and "cut the infection out with a scalpel." As a result of this procedure on Plaintiff's elbows and knees, he has suffered numbness and scarring. Plaintiff claims his Eighth Amendment rights have been violated, and he seeks damages.

The complaint contains no allegations against Defendant Dorsey, the warden of the correctional facility, affirmatively linking him to the alleged violation. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against an administrator or supervisor may not be based solely on a theory of respondeat superior liability for the actions of subordinates. *Id.* Plaintiff's claim against Defendant Dorsey will be dismissed.

Judgment will be entered on Plaintiff's claims in favor of Defendant Dorsey. Because this Defendant is no longer a named party, dismissal of claims against him is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of Defendant Dorsey on Plaintiff's claims. Fed.R.Civ.P. 54(b).

Plaintiff's motion for injunction seeks an order prohibiting Defendants from transferring him to a facility outside this jurisdiction. Absent some prohibited reason for a transfer, such as

discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Plaintiff "fears" that Defendants would transfer him in order to "impede the pursuit" of this action, though he provides no factual support for this concern. The motion provides no basis for equitable relief and will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for injunction (Doc. #3) filed December 20, 1999, is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claim against Defendant Dorsey is DISMISSED with prejudice; a form of judgment shall be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with notice and waiver forms, for Defendant Jablanski in his individual capacity.

[signature]

UNITED STATES DISTRICT JUDGE